IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE DASHER,

      Petitioner,                        No. CIV S-08-3021 DAD P

   vs.

MICHAEL MARTEL, et al.,         ORDER AND

      Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be explicitly waived by respondent. See 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(2). Nonetheless, the court is mindful that an unexhausted habeas claim may be denied on the merits only if it is "perfectly clear" that it is not colorable. Cassett v. Stewart, 406 F.3d 614, 623 (9th Cir. 2005).

1

thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

On February 13, 2009, petitioner filed his pending habeas petition challenging the loss of good time credits as a result of a prison disciplinary proceedings. In his petition, petitioner indicated that he had exhausted his administrative remedies and attempted to file a petition for writ of habeas corpus with the Amador County Superior Court challenging the disciplinary conviction, but that the petition was denied because the California Department of Corrections and Rehabilitation would not forward his administrative appeal to that court. Petitioner did not indicate in his federal petition whether he had filed a habeas petition challenging his prison disciplinary conviction with the California Supreme Court. Accordingly, on April 2, 2009, the court informed petitioner of the exhaustion requirement and ordered him to state whether he had exhausted his claim challenging his disciplinary conviction by presenting such a claim to the California Supreme Court.

Petitioner has not responded to the court's order to show cause. Upon reviewing the federal habeas petition filed in this court on February 13, 2009, the court finds that it reflects on its face that petitioner has failed to exhaust his habeas claim in state court. Petitioner's claims have not been presented to the California Supreme Court. Moreover, petitioner has not alleged that state court remedies are no longer available to him. Accordingly, the pending habeas petition should be dismissed without prejudice.[2]

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's February 13, 2009 application for leave to proceed in forma pauperis (Doc. No. 7) is granted;

2. The Clerk of the Court is directed to randomly assign this case to a District Judge;

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed on February 13, 2009, on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus, filed on February 13, 2009, be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
dash3021.103

3